IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID K. WARNER, | No. 3:19-CV-01807 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Cohn) |
| ANDREW SAUL, *Commissioner of Social Security*, | |
| Defendant. | |

## ORDER

### MARCH 23, 2021

David K. Warner filed this action seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying Warner's claim for social security disability benefits and supplemental security income benefits.[1] In February 2021, Magistrate Judge Gerald B. Cohn issued a Report and Recommendation recommending that this Court affirm the Commissioner's decision and close this case.[2]

Warner filed timely objections to the Report and Recommendation.[3] In his objections, Warner contends that: (1) Magistrate Judge Cohn erred in concluding that the administrative law judge ("ALJ") properly weighed the evidence and

---

[1] Doc. 1.
[2] Doc. 17.
[3] Doc. 18.

properly afforded little weight to the opinion of the consultative examiner; (2) the ALJ erred by noting that Warner had not taken his medication for approximately two months, but failed to explore why Warner may have been non-complaint with his medication; and (3) the ALJ failed to consider Warner's activities of daily living.[4] "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[5] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[6]

Upon *de novo* review of the record, the Court finds no error in Magistrate Judge Cohn's conclusion that the Commissioner's decision is supported by substantial evidence. Although Warner disputes some of Magistrate Judge Cohn's observations and conclusions, Magistrate Judge Cohn correctly determined that, as a whole, the ALJ's decision is supported by substantial evidence.[7] Consequently, **IT IS HEREBY ORDERED** that:

---

[4]  *Id.*
[5]  *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[6]  28 U.S.C. § 636(b)(1); Local Rule 72.31.
[7]  As to Warner's assertion that the ALJ did not fully explore why Warner may not have been compliant with his medication regimen, the ALJ did not cite Warner's brief period without medication for the proposition that Warner was not compliant with his medications. *See* Doc. 13-2 at 22. Moreover, although Warner asserts that "the ALJ's decision contains no discussion

1. Magistrate Judge Gerald B. Cohn's Report and Recommendation (Doc. 17) is **ADOPTED**;

2. The Commissioner's decision is **AFFIRMED**;

3. Final Judgment is entered in favor of Defendant and against Warner pursuant to Fed. R. Civ. P. 58 and sentence four of 42 U.S.C. § 405(g); and

4. The Clerk of Court is direct to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

about Warner's activities of daily living," Doc. 18 at 4, the ALJ's opinion discussed Warner's self-reported activities of daily living—as well as the activities and limitations proffered by Warner's friend—throughout the opinion. *See* Doc. 13-2 at 19-20, 22-24.